

Computershare Entity Solutions, Inc.
100 Beard Sawmill Road, Shelton, CT 06484

January 08, 2026

Holiday Hospitality Franchising, LLC
Kim Crumbley
Six Continents Hotels, Inc.
3 Ravinia Drive, Suite 100
Atlanta GA 30346

# SERVICE OF PROCESS NOTICE

Item: 2026-20

The following is a courtesy summary of the enclosed document(s). **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard.

| # | Field | Value |
|---|---|---|
| 1. | Entity Served: | Holiday Hospitality Franchising, LLC |
| 2. | Title of Action: | Jon Taylor vs. 121 Nascar LLC, et al. |
| 3. | Document(s) Served: | Summons<br>Plaintiff's Civil Action for Personal Injuries<br>Plaintiff's First Set of Interrogatories and Request for Production of Documents to Defendant<br>Verification |
| 4. | Court/Agency: | Sevier County Circuit Court |
| 5. | State Served: | Tennessee |
| 6. | Case Number: | 25-CV-769-I |
| 7. | Case Type: | Negligence/Premises Liability |
| 8. | Method of Service: | Hand Delivered |
| 9. | Date Received: | Tuesday 01/06/2026 |
| 10. | Date to Client: | Thursday 01/08/2026 |
| 11. | # Days When Answer Due: Answer Due Date: | See Notes — CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | Sop Sender: (Name, City, State, and Phone Number) | KP Injury Law<br>Goodlettsville, TN<br>615-397-7496 |
| 13. | Shipped To Client By: | Email Only with PDF Link |
| 14. | Tracking Number: | |
| 15. | Handled By: | 431 |
| 16. | Notes: | Please review the enclosed documents in order to calculate the response due date. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At ComputerShare, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by United Agent Group Inc.

Phone: 866 820 7754, Option 2 | www.cgsregisteredagent.com



EXHIBIT 1



## IN THE CIRCUIT COURT OF SEVIER COUNTY
## STATE OF TENNESSEE

| | |
|---|---|
| JON TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No: 25 CV-769-I |
| v. ) | |
| ) | JURY DEMAND |
| 121 NASCAR LLC and ) | |
| HOLIDAY HOSPITALITY ) | |
| FRANCHISING, LLC, ) | |
| ) | |
| Defendants. ) | |

**To Defendant: HOLIDAY HOSPITALITY FRANCHISING, LLC, c/o Registered Agent, United Agent Group, Inc., 5865 Ridgeway Center Parkway, Suite 395, Memphis, Tennessee 38120 - TO BE SERVED VIA SHELBY COUNTY SHERIFF'S OFFICE**

You are hereby summoned and required to file with the Court and serve upon Kyle L. Peiter, Attorney for Plaintiff, whose address is KP Injury Law, 405 Two Mile Pike, Suite B, Unit 104, Goodlettsville, TN 37072, an answer to the complaint which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

ISSUED: 12/19/2025

Karen Ashley
Circuit Court Clerk Sevier County

By: Crystal Sutton
Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY:
KP INJURY LAW
KYLE L. PEITER
MCLEAN S. KINGERY
405 TWO MILE PIKE,
SUITE B, UNIT 104
GOODLETTSVILLE, TN 37072

---

To the Defendant(s)
Tennessee law provides a four thousand dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary, however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.
(T.C.A. § 26-2-114)

# RETURN OF SERVICE ON SUMMONS

I hereby certify and return, that on the 6 day of January, 20 26, I served this summons together with a copy of the complaint herein as follows:

Holiday Hospitality Franchising LLC at 5865 Ridgeway Center Pkwy # 395

_____
SCSO
Name of Server

Printed Name: C. Gates 11/11/4

IN THE CIRCUIT COURT OF SEVIER COUNTY
STATE OF TENNESSEE

| | |
|---|---|
| JON TAYLOR, | )<br>) |
| Plaintiff, | )<br>) |
| | ) Civil Action No: 25-CV-769-I |
| v. | )<br>) JURY DEMAND |
| 121 NASCAR LLC and<br>HOLIDAY HOSPITALITY<br>FRANCHISING, LLC, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## PLAINTIFF'S CIVIL ACTION FOR PERSONAL INJURIES

Plaintiff, Jon Taylor, hereby files this Civil Action for Personal Injuries and shows this Court the following facts and circumstances:

### JURISDICTION AND VENUE

1. Plaintiff, JON TAYLOR (sometimes referred to herein as "Mr. Taylor"), is a citizen and resident of Texas.

2. Defendant, 121 NASCAR LLC, is a limited liability company organized under the laws of the State of Tennessee, with its principal office located at 11227 Matthews Cove Lane, Knoxville, Tennessee 37934. Defendant owns, operates, manages and controls the Holiday Inn Express & Suites hotel located at 121 Nascar Drive, Sevierville, Tennessee 37862. It may be served with process through its registered agent, Nitinkumar Patel, located at 11227 Matthews Cove Lane, Knoxville, Tennessee 37934.

3. Defendant, HOLIDAY HOSPITALITY FRANCHISING, LLC, is a foreign limited liability company authorized to conduct business in the State of Tennessee, with its principal office located at 3 Ravinia Drive, Suite 100, Atlanta, Georgia 30346. It may be served with process

through its registered agent, United Agent Group, Inc., located at 5865 Ridgeway Center Parkway, Suite 395, Memphis, Tennessee 38120.

4. This Court has subject-matter jurisdiction over this action.

5. Venue is proper in this Court because the incident giving rise to Plaintiff's claims occurred within this county and Defendants conduct business herein.

## FACTUAL BACKGROUND

### Part One – 121 Nascar LLC and Holiday Hospitality Franchising, LLC

6. Upon information and belief, Defendant 121 NASCAR LLC (sometimes referred to herein as "HI Express") is the franchisee and Defendant HOLIDAY HOSPITALITY FRANCHISING, LLC (sometimes referred to herein as "HHFL") is the franchisor of the Holiday Inn Express & Suites hotel where Plaintiff was injured.

7. At all material times, Defendant HI Express acted by and through its authorized agents, employees, and representatives within the scope of their authority.

8. At all material times, Defendant HHFL acted by and through its authorized agents and representatives within the scope of its retained rights and responsibilities under its franchise system.

9. HHFL licenses its trademarks, branding, operating systems, policies, procedures, and standards to franchisees, including HI Express, in exchange for franchise fees, royalties, and other financial benefits.

10. HHFL exercises control and/or retains the right to control material aspects of hotel operations, including property design standards, maintenance requirements, safety policies, inspection protocols, and brand standards affecting guest safety.

11. HHFL requires franchisees to comply with brand standards and operational requirements as a condition of continued franchise affiliation and profitability.

12. Defendants operated the Holiday Inn Express & Suites for a common business purpose and for shared financial benefit.

13. HHFL held the subject property out to the public as part of the Holiday Inn Express brand, inducing guests, including Plaintiff, to rely on the reputation, safety standards, and quality assurances associated with the brand.

14. Plaintiff reasonably relied on Defendants' representations of safety when utilizing the premises.

## Part Two – The Slip and Fall

15. Paragraphs 1 through 14 of the Civil Action are incorporated herein by reference as if restated verbatim.

16. On or about the morning of August 12, 2025, at approximately 7:00 a.m., Mr. Taylor was a lawful guest and invitee on Defendant HI Express' hotel premises located at 121 Nascar Drive, Sevierville, Tennessee 37862 (the "Premises").

17. At the time of the incident, there was light rain, and the exterior walking surfaces were wet.

18. Mr. Taylor was walking along the exterior sidewalk of the Premises when he encountered a sloped ramp portion of the walkway that had been coated or painted with a smooth, non-textured surface.

19. The painted ramp lacked visible grit, scoring, anti-slip aggregate, or other friction-enhancing treatment.

20. Immediately adjacent to the ramp was untreated asphalt, creating a stark and abrupt transition in surface composition and traction. This abrupt change in walking surfaces

created a hazardous condition whereby a person stepping from the asphalt onto the painted ramp would experience a sudden and unexpected loss of traction, particularly when the surface was wet.

21. While traversing the ramp, Mr. Taylor's foot lost traction on the slick painted surface, causing him to slip and fall violently.

22. Defendants owned, operated, managed, controlled, maintained, and/or were responsible for the sidewalk and ramp area leading toward the fenced pool area of the Premises.

23. As an invitee, Mr. Taylor was owed the highest duty of care, including a duty to maintain the Premises in a reasonably safe condition and to warn of dangerous conditions.

24. As a direct and proximate result of the hazardous condition on the Premises, Mr. Taylor slipped, fell forcefully to the ground, and sustained serious injuries.

## WRONGS OF THE DEFENDANTS

### Count One - Negligence – Premise Liability
### (Defendant HI Express and Defendant HHFL)

25. Paragraphs 1 through 24 of the Civil Action are incorporated herein by reference as if restated verbatim.

26. Defendants, jointly and severally, owed Plaintiff, as a lawful invitee, a duty to exercise reasonable care to maintain the Premises in a reasonably safe condition, to identify and remedy dangerous conditions, to warn of hazards that could not be immediately corrected, and to protect invitees from unreasonable risks of harm.

27. Defendants breached that duty by:

    a. creating and/or maintaining a slick, painted ramp without slip-resistant treatment;

    b. allowing a dangerous transition in walking surfaces;

    c. failing to inspect, test, maintain, or remediate the ramp; and

d. failing to warn of the hazardous condition.

28. Defendants either created this hazardous condition by painting or coating the ramp without applying appropriate anti-slip material or allowed the condition to exist and persist without adequate inspection, testing, or remediation.

29. Defendants knew or, in the exercise of reasonable care, should have known that painted concrete walking surfaces—especially outdoors and near a pool area—become dangerously slick when wet and pose a foreseeable risk of slip-and-fall injuries.

30. Despite this knowledge, Defendants failed to:

    a. use slip-resistant paint or anti-skid aggregate;

    b. conduct reasonable inspections or coefficient-of-friction testing;

    c. post warning signs alerting patrons to the slippery condition; and

    d. block off or remediate the hazardous ramp surface.

31. Defendant HHFL exercised control over essential aspects of guest safety through the creation, approval, dissemination, and enforcement of system-wide brand standards and safety requirements applicable to franchise hotels, including the Premises.

32. The hazardous condition existed for sufficient time that Defendants knew or, in the exercise of reasonable care, should have known of its existence.

33. The dangerous condition was foreseeable and preventable, and Defendants knew or, in the exercise of reasonable care, should have known of the hazard.

34. As a direct and proximate result of Defendants' negligence, Plaintiff traversed the hazardous condition, slipped, fell, and sustained serious injuries and damages.

## Count Two – Joint Liability Pursuant to Joint Venture between Defendants (Defendant HI Express and Defendant HHFL)

35. Paragraphs 1 through 34 of the Civil Action are incorporated herein by reference as if restated verbatim.

36. Upon information and belief, Defendants were engaged in a franchisor-franchisee relationship involving the operation, branding, marketing, and profit generation of the hotel.

37. Defendants HHFL and HI Express operated the Premises for a common purpose pursuant to agreements providing HHFL with shared and/or retained rights of control over safety-related standards, inspections, and conditions affecting guest walkways and common areas, in exchange for shared financial benefits.

38. Defendant HHFL retained the right to control, supervise, inspect, and enforce compliance with safety-related standards affecting guest walkways and common areas.

39. Defendants HI Express and HHFL owed a nondelegable duty to their patrons and hotel guests to ensure the Premises is free from unsafe conditions, including guest walkways and common areas.

40. Defendant HHFL is liable for the acts and omissions of Defendant HI Express under theories of actual agency, apparent agency, joint venture, and/or nondelegable duty.

41. Upon information and belief, Defendants HI Express and HHFL were engaged in a joint venture and/or agency relationship concerning the operation, branding, marketing, profit generation, and safety standards applicable to the Premises, thereby making Defendant HHFL and Defendant HI Express jointly and severally liable for the negligent acts or omissions alleged herein.

## Count Three – Independent Corporate Negligence
## (Defendant HHFL)

42. Paragraphs 1 through 41 of the Civil Action are incorporated herein by reference as if restated verbatim.

43. Defendant HHFL, as franchisor of the Holiday Inn Express brand, exercised and/or retained control over essential aspects of guest safety through the creation, approval, dissemination, and enforcement of system-wide brand standards and safety requirements applicable to franchise hotels.

44. Defendant HHFL's liability arises from its corporate-level development, approval, and enforcement of brand standards affecting guest safety, rather than from day-to-day operational control of the franchisee or its personnel.

45. These corporate safety standards included, but were not limited to:

    a. design and construction requirements for exterior walkways and ramps;

    b. surface materials, coatings, and finishes approved or permitted for guest walking surfaces;

    c. slip-and-fall prevention standards for wet or rainy conditions;

    d. inspection, maintenance, and remediation protocols for exterior common areas; and

    e. safety audit, inspection, and compliance monitoring programs.

46. Defendant HHFL owed a duty to exercise reasonable care in developing, approving, implementing, and enforcing these brand-wide safety systems and standards so as not to create or permit unreasonably dangerous conditions for hotel guests.

47. Defendant HHFL breached its duties by:

    a. approving or permitting exterior walkway and ramp surfaces that lacked adequate slip resistance when wet;

(e) cost of this cause;

(f) all other damages allowed under the laws of the State of Tennessee.

WHEREFORE, Plaintiff prays:

a. That process issue and be served upon the Defendants, requiring them to Answer within the time required by law;

b. For judgment against the Defendants in an amount of economic and non-economic damages the jury believes to be just, fair, and equitable, given the facts and after hearing the issues in this case, not to exceed the sum of $10,000,000.00 on behalf of Plaintiff, Jon Taylor;

c. That any limitations on non-economic damages be lifted pursuant to the exceptions in Tenn. Code Ann. § 29-39-102;

d. That a jury of twelve be empaneled to hear this cause;

e. That all costs in this action be taxed to the Defendants; and

f. That the Court award Plaintiff such other and further relief as it deems just and appropriate.

This the 19th day of December, 2025.

Respectfully submitted:

*/s/ McLean S. Kingery*
McLean S. Kingery, BPR # 031782
Kyle L. Peiter, BPR # 038820
Law Office of KP Injury Law
405 Two Mile Pike, Suite B, Unit 104
Goodlettsville, TN 37072
Phone: (615) 397-7496
Fax: (615) 694-5399
mclean@injuredintennessee.com
kyle@injuredintennessee.com
*Attorneys for Plaintiff, Jon Taylor*